UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINIOIS
PEORIA DIVISION

| | |
|---|---|
| DANIEL M. LANGAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.   15-CV- 1285 |
| CLIFFORD RASMUSSEN, and KOTTKE TRUCKING, INC. a Foreign Corporation, | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DANIEL M. LANGAN, by his Attorneys, ROBERT BOUCHER, P.C., and for his cause of action against the Defendants, CLIFFORD A. RASMUSSEN and KOTTKE TRUCKING, INC., a Foreign Corporation, asserts:

### COUNT ONE

Plaintiff, Daniel M. Langan, complaining of Defendant, Clifford A. Rasmussen, asserts:

### THE PARTIES

1. Plaintiff, Daniel M. Langan, is an adult male, permanently residing in the Village of Dunlap, County of Peoria, and State of Illinois. He is a Citizen of the United States of America and the State of Illinois.

2. On information and belief, Defendant, Clifford A. Rasmussen, is an adult male, residing in Buffalo Lake, MN. He is a Citizen of the United States of America and the State of Minnesota.

3. On information and belief, Defendant, Kottke Trucking, Inc., is a Foreign Corporation whose principal place of business is located in the State of Minnesota.

### JURISDICTION/VENUE

4. The amount of this controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

5. That pursuant to 28 U.S.C. Sec. 1332 diversity jurisdiction exists.

6. That pursuant to 28 U.S.C. Sec. 1391 venue is proper in this jurisdiction, in that:

   A. The acts and/or omissions in support of this claim occurred within the Central District of Illinois.

7. That pursuant to Local Rule 40.1, assignment of this case in the Peoria Division of the Central District is proper, in that:

   A. The acts and/or omissions in support of this claim occurred within Knox County, State of Illinois.

8. The incident herein complained of occurred on May 13, 2015, at approximately 12:03 p.m., in the right lane of westbound I-74, a public highway, in the Township of Henderson, County of Knox, and State of Illinois.

9. That immediately prior to the incident complained of vehicular traffic in the right lane of WB I-74, near Mile Post 41, was halted because of road construction activities.

10. That immediately prior to the incident the following Drivers had stopped their respective vehicles, in the following order, in the right lane of WB I-74, near Mile Post 41, to wit:

    i. John O. Rattray, 2013 Kenworth Tractor-Trailer;

    ii. Daniel M. Langan, 2010 Chevrolet Traverse automobile;

    iii. Timothy J. Feary, Deceased, 1998 Toyota Camry automobile; and,

    iv. Ryan A. Love, deceased, 2006 Mazda automobile.

11. That immediately prior to the incident complained, Defendant, Clifford A. Rasmussen, was driving a 2013 Peterbuilt Tractor-Trailer in the right lane of WB I-74, near Mile Post 41.

12. That at the aforesaid time and place, Defendant, Clifford A. Rasmussen failed to stop his 2013 Peterbuilt Tractor-Trailer and proximately caused the following chain reaction multiple vehicle collision, to wit:

    a. Defendant, Clifford A. Rasmussen, rear-ended the vehicle being driven by Ryan Love;
    b. The force of this rear end impact, then pushed Ryan Love's vehicle into the rear of the vehicle driven by Timothy J. Feary;
    c. Timothy J. Feary's vehicle was then pushed into the rear end of the vehicle driven by Plaintiff, Daniel M. Langan; and,

      d.      Daniel M. Langan's vehicle was finally pushed into the rear of the vehicle driven by John O. Rattray.

13.    That at the aforesaid time and place Defendant, Clifford A. Rasmussen had the duty to use due care and caution while driving his 2013 Peterbuilt Tractor-Trailer vehicle upon any highway of the State of Illinois.

14.    That at the aforesaid time and place, there was in full force and effect the following Illinois Compiled Statutes, 2010:

    (a)    625 ILCS 5/11-601 (a):

No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazards exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

    (b)    625 ILCS 5/11-710 (a):

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

15.    That at the aforesaid time and place the Defendant, CLIFFORD A. RASMUSSEN was guilty of one or more of the following negligent acts or omissions:

    a.    Failed to keep a proper lookout;
    b.    Failed to maintain control over his vehicle;
    c.    Violated 625 ILCS 5/11-601(a) in that Defendant failed to decrease the speed of his vehicle to avoid colliding with Ryan Love's vehicle;
    d.    Violated 625 ILCS 5/11-710 (a) in that Defendant followed Ryan Love's vehicle more closely than was reasonable and prudent;
    e.    Drove his vehicle into the vehicle of Ryan Love with such speed that he caused a chain reaction multiple vehicle collision.

16.    That at the aforesaid time and place Plaintiff, DANIEL M. LANGAN, was injured.

17. That as a proximate result of the collision, the Plaintiff, DANIEL M. LANGAN, incurred the following damages:

    a.  Past Pain and Suffering;
    b.  Future Pain and Suffering;
    c.  Past Loss of Normal Life;
    d.  Future Loss of Normal Life;
    e.  Past Medical Bills;
    f.  Future Medical Bills likely to be incurred;
    g.  Lost Wages;
    h.  Future Lost Wages likely to be incurred; and,
    i.  Disability.

WHEREFORE, Plaintiff, Daniel M. Langan, prays judgment against Defendant, CLIFFORD A. RASMUSSEN, for a sum in excess of the jurisdictional requirements of this Court, costs of this suit, and any further relief that this Honorable Court finds fair and just.
**DANIEL M. LANGAN DEMANDS A JURY TRIAL.**

## COUNT TWO

Plaintiff, Daniel M. Langan, complaining of Defendant, Kottke Trucking, Inc., a Foreign Corporation, asserts:

### THE PARTIES

18. Plaintiff, Daniel M. Langan, is an adult male, permanently residing in the Village of Dunlap, County of Peoria, and State of Illinois. He is a Citizen of the United States of America and the State of Illinois.

19. On information and belief, Defendant, Clifford A. Rasmussen, is an adult male, residing in Buffalo Lake, MN. He is a Citizen of the United States of America and the State of Minnesota.

20. On information and belief, Defendant, Kottke Trucking, Inc., is a Foreign Corporation whose principal place of business is located in the State of Minnesota.

### JURISDICTION/VENUE

21. The amount of this controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

22. That pursuant to 28 U.S.C. Sec. 1332 diversity jurisdiction exists.

4

23. That pursuant to 28 U.S.C. Sec. 1391 venue is proper in this jurisdiction, in that:

    A. The acts and/or omissions in support of this claim occurred within the Central District of Illinois.

24. That pursuant to Local Rule 40.1, assignment of this case in the Peoria Division of the Central District is proper, in that:

    A. The acts and/or omissions in support of this claim occurred within Knox County, State of Illinois.

25. The incident herein complained of occurred on May 13, 2015, at approximately 12:03 p.m., in the right lane of westbound I-74, a public highway, in the Township of Henderson, County of Knox, and State of Illinois.

26. That immediately prior to the incident complained of vehicular traffic in the right lane of WB I-74, near Mile Post 41, was halted because of road construction activities.

27. That at the aforesaid time and place, Defendant, Clifford A. Rasmussen was an employee and/or agent of Defendant, Kottke Trucking, Inc.

28. That at the aforesaid time and place Defendant, Clifford A. Rasmussen was acting within the scope of his employment and/or agency with Defendant, Kottke Trucking, Inc.

29. That immediately prior to the incident the following Drivers had stopped their respective vehicles, in the following order, in the right lane of WB I-74, near Mile Post 41, to wit:

    i. John O. Rattray, 2013 Kenworth Tractor-Trailer;
    ii. Daniel M. Langan, 2010 Chevrolet Traverse automobile;
    iii. Timothy J. Feary, Deceased, 1998 Toyota Camry automobile; and,
    iv. Ryan A. Love, deceased, 2006 Mazda automobile.

30. That immediately prior to the incident complained, Defendant, Clifford A. Rasmussen, was driving a 2013 Peterbuilt Tractor-Trailer in the right lane of WB I-74, near Mile Post 41.

31. That at the aforesaid time and place, Defendant, Clifford A. Rasmussen failed to stop his 2013 Peterbuilt Tractor-Trailer and proximately caused the following chain reaction multiple vehicle collision, to wit:

    a. Defendant, Clifford A. Rasmussen, rear-ended the vehicle being driven by Ryan Love;

    b.     The force of this rear end impact, then pushed Ryan Love's vehicle into the rear of the vehicle driven by Timothy J. Feary;

    c.     Timothy J. Feary's vehicle was then pushed into the rear end of the vehicle driven by Plaintiff, Daniel M. Langan; and,

    d.     Daniel M. Langan's vehicle was finally pushed into the rear of the vehicle driven by John O. Rattray.

32. That at the aforesaid time and place Defendant, Clifford A. Rasmussen had the duty to use due care and caution while driving his 2013 Peterbuilt Tractor-Trailer vehicle upon any highway of the State of Illinois.

33. That at the aforesaid time and place, there was in full force and effect the following Illinois Compiled Statutes, 2010:

    (a)     625 ILCS 5/11-601 (a):

No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazards exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

    (b)     625 ILCS 5/11-710 (a):

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

34. That at the aforesaid time and place Defendant, Kottke Trucking, Inc. was guilty of one or more of the following negligent acts or omissions by and through its employee and/or agent CLIFFORD A. RASMUSSEN:

    a.     Failed to keep a proper lookout;
    b.     Failed to maintain control over its vehicle;
    c.     Violated 625 ILCS 5/11-601(a) in that Defendant failed to decrease the speed of its vehicle to avoid colliding with Ryan Love's vehicle;
    d.     Violated 625 ILCS 5/11-710 (a) in that Defendant followed Ryan Love's vehicle more closely than was reasonable and prudent; and
    e.     Drove his vehicle into the vehicle of Ryan Love with such speed that he caused a chain reaction collision.

35. That at the aforesaid time and place Plaintiff, DANIEL M. LANGAN, was injured.

36. That as a proximate result of The collision, The Plaintiff, DANIEL M. LANGAN, **incurred the following damages:**

    j. Past Pain and suffering;
    k. Future Pain and suffering;
    l. Past Loss of normal life;
    m. Future Loss of normal life;
    n. Past Medical bills;
    o. Future Medical bills likely to be incurred;
    p. Lost wages;
    q. Future Lost wages likely to be incurred; and,
    r. Disability.

WHEREFORE, Plaintiff, Daniel M. Langan, prays judgment against Defendant, Kottke Trucking, Inc. for a sum in excess of the jurisdictional requirements of this Court, costs of this suit, and any further relief that this Honorable Court finds fair and just.

**DANIEL M. LANGAN DEMANDS A JURY TRIAL.**

DANIEL M. LANGAN, Plaintiff,

s/ Robert Boucher
Robert Boucher (Bar No. 3128646)
Robert Boucher, P.C.
1302 W. Pioneer Parkway
Peoria, IL 61615
Telephone: (309) 682-2717
Facsimile: (309) 682-6207
robertboucher@boucher-enrightlaw.com