IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVIEL M. LANGAN,<br>  Plaintiff,<br><br>v.<br><br>CLIFFORD RASMUSSEN and<br>KOTTKE TRUCKING, INC.,<br>  Defendants. | Case No. 1:15-cv-01285-JEH |

**Order**

  Before the Court is Defendant Kottke Trucking, Inc's ("Kottke") "Motion for Reconsideration of the District Court's Denial of Its Motion for Summary Judgment on Count Four of Langan's Fourth Amended Complaint and Alternative Motion for Certification of Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)." (D. 39)[1]. For the reasons stated, *infra*, the motions are DENIED.

**I**[2]

  On August 1, 2018, U.S. District Judge Sara L. Darrow, the presiding judge in this case at the time, denied Kottke's motion for summary judgment on Count IV of the Plaintiff, Daniel Langan's ("Langan") Fourth Amended Complaint. (D. 446). Count IV alleges willful and wanton conduct on the part of Kottke and seeks punitive damages against it. (D. 446 at ECF p. 7). In the order denying summary

---

[1] Citations to the Docket are abbreviated as "(D. \_\_ at ECF p. \_\_)."
[2] The Court assumes the parties' familiarity with the facts and history of this case and, accordingly, limits its discussion to only those matters necessary for its ruling on the motion before it.

1

judgment, Judge Darrow examined Illinois' "corporate complicity" doctrine and concluded that a genuine dispute of material fact existed on the question of whether Kottke "ratified or approved the act" of its employee, Clifford Rasmussen ("Rasmussen"), when he allegedly falsified logs and violated hours of service regulations. *Id.* at p. 10. In reaching this conclusion, Judge Darrow cited to conflicting evidence on the question of whether Kottke should have known of Rasmussen's misconduct and whether, viewing the evidence in the light most favorable to Langan, the evidence could support a reasonable inference that Kottke turned a blind eye to Rasmussen's actions such that Kottke could be liable for punitive damages. *Id.* at pp. 12-13. Judge Darrow relied in part on *Williams v. Schram,* No. 06-CV-00557-DRH, 2008 WL 2788758, at *5 (S.D. Ill. July 16, 2008), in reaching this conclusion. She summarized the case as follows:

> In *Williams v. Schram*, No. 06-CV-00557-DRH, 2008 WL 2788758, at *5 (S.D. Ill. July 16, 2008), the court—applying Illinois law—denied a trucking company's motion for summary judgment as to a claim for punitive damages based on *respondeat superior*. The plaintiff's RV was struck by the defendant truck driver's tractor-trailer. *Id*. at *1. The company argued it could not be liable for punitive damages because it monitored its drivers through regular audits and provided training on safety issues. *Id*. at *5. The plaintiff argued the company knew or should have known the driver falsified his logs and that by failing to discipline him, the company condoned his reckless behavior. *Id*. The plaintiff's expert reviewed the driver's log book and found that he had violated the 14-hour and/or 11-hour rules on seventy-seven of the last 140 days before the accident, that is, more than fifty percent of the time. *Id*. The court held that this supported a reasonable inference that the company turned a blind eye to the driver's hours of service violations and therefore a jury could reasonably conclude the trucking company should be liable for punitive damages. *Id*.

(D. 446 at ECF p. 13).

2

In Kottke's motion to reconsider, it argues that Judge Darrow failed to account for the fact that Illinois law requires "deliberate" corporate participation before an employer can be liable for punitive damages related to the conduct of an employee. (D. 39 at ECF p. 4). According to Kottke, its actions could not be "deliberate" where it "had no knowledge of its agent's wrongful conduct and no evidence was presented to support that any lack of knowledge on the part of the principal was the result of deliberate ignorance." (D. 39 at ECF p. 10).

Langan responds by first objecting to the undersigned reconsidering the order entered by Judge Darrow. Specifically, between Judge Darrow's order on summary judgment and the motion to reconsider, both parties consented to a magistrate judge presiding over this case. Langan argues that only Judge Darrow should reconsider her own order, and having the undersigned reconsider the order would be "more in the nature of [a]ppellate *de novo* review." (D. 40 at ECF p. 2). On the merits, the gravamen of Langan's argument is that Judge Darrow applied the right standard to the facts in this case, and, consequently, the motion to reconsider should be denied.

Finally, Kottke asks that, if this Court denies the motion to reconsider, then it should certify the following question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

> Whether, under Illinois law, punitive damages can be imposed upon a principal on the basis of *respondeat superior* where the principal had no knowledge of its agent's wrongful conduct and no evidence was presented to support that any lack of knowledge on the part of the principal was the result of deliberate ignorance.

(D. 39 at ECF p. 10). Langan responds that Kottke has failed to meet the standard for certification of an interlocutory appeal under the statute.

# II
## A

Federal Rule of Civil Procedure 54(b) provides that a court may alter or amend an interlocutory order any time before entry of final judgment. Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Moreover, a magistrate judge presiding by consent of the parties may reconsider any interlocutory order in the case, even if it was entered by a district judge who presided prior to the parties' consent. *See, e.g. Fieldwork Boston, Inc. v. United States*, 344 F. Supp. 2d 257, 272 (D. Mass. 2004). Title 28 of the United States Code, Section 636(c), provides that upon consent of the parties, a magistrate judge "may conduct *any and all proceedings* in a jury or nonjury civil matter . . ." (Emphasis added). Although this statute does not explicitly provide that a magistrate judge when presiding by consent of the parties may reconsider a district judge's order, it does so implicitly. *Fieldwork Boston*, 344 F. Supp. 2d at 272. "Any and all" by definition includes a motion to reconsider an order previously entered in the case, even one entered by a previously presiding district judge. *See Cooper v. O.A. Brookshire*, 70 F.3d 377, 378 n. 6 (5th Cir. 2001) (A magistrate judge presiding by consent "may act in the capacity of a district court judge and is not bound by prior opinions expressed by the district court judge." (internal quotation and citations omitted)). Accordingly, Langan's objection to the undersigned ruling on the motion to reconsider is DENIED.

## B

Turning to the merits, as Kottke notes, mere negligence is not enough to establish that an employer has ratified or approved the acts of its agent. *Oakview New Lennox Sch. Dist. No. 122 v. Ford Motor Co.*, 378 N.E. 2d 544, 549 (Ill. App. Ct. 1978). On the other hand, neither is an employer's actual knowledge of an agent's

misconduct required before corporate complicity can be found. *See Williams*, WL 2788758, at *5 (denying a trucking company's motion for summary judgment on a punitive damages count premised on the corporate complicity doctrine where sufficient evidence supported an inference that the employer turned a "blind eye" to its agent's actions). Rather, again as Kottke argues, some "deliberate" corporate "action" must be taken to ratify or approve the acts of the agent before the employer can be held liable for the agent's conduct. It is this standard which Judge Darrow applied in her order on summary judgment.

Specifically, Judge Darrow sifted through the various, conflicting pieces of evidence regarding the adequacy of Kottke's processes and procedures for complying with federal regulations. Ultimately, she concluded that, making all reasonable inferences in favor of Langan, there was evidence to support a reasonable inference that Kottke turned a blind eye to Rasmussen's misconduct, just as the Court found in *Williams*. Kottke argues that there is "no evidence to support that any lack of knowledge on the part of the principal was the result of deliberate ignorance," for why else would it include that language in the question it wishes this Court to certify for interlocutory appeal. (D. 39 at ECF p. 10). But that is simply wrong. There may not be *direct* evidence of "deliberate" ignorance, but, as Judge Darrow (like the court in *Williams*) concluded, there was sufficient evidence in the record to allow a reasonable *inference* that Kottke's ignorance was deliberate. And a reasonable inference is all it takes to survive summary judgment. *Huckaba v. CSX Transportation, Inc.*, 2014 WL 12139085 *5 (S.D. Ill., August 14, 2014), *citing Lynch v. Northeast Regional Commuter R.R. Corp.,* 700 F.3d 906, 917 (7th Cir. 2012) (reversing a grant of summary judgment and noting that "a jury can make reasonable inferences based on [] circumstantial evidence even where conflicting inferences are also appropriate and no direct evidence establishes which inference is correct").

To the extent that Kottke argues that turning a blind eye to Rasmussen's misconduct cannot be deliberate action on its part, that too is wrong. First, *Williams* allowed the punitive damages question to go to the jury in this precise circumstance, demonstrating that turning a blind eye has the potential to be deliberate action. *Williams*, 2008 WL 2788758 at *5. Indeed, turning a blind eye can constitute deliberate action. A *choice* to turn a blind eye is an "action" and making that choice can be "deliberate." As even Kottke's question for certification acknowledges, ignorance itself can be deliberate. (D. 39 at ECF p. 10).

To be clear, there is evidence in this record which would allow a jury to conclude that Kottke's actions did not constitute approval or ratification of Rasmussen's misconduct; it could conclude that Kottke's system of monitoring and auditing was perfectly adequate with an acceptable margin of error. A jury could also conclude that although Kottke's methods were flawed, Kottke was only negligent in how it monitored its drivers. Finally, and most importantly for purposes of considering this motion, a jury could also credit the testimony of Langan's expert and infer from all the facts that Kottke's failure to use the PC Miller software as part of its log auditing process constituted a deliberate decision to remain ignorant, such that it was complicit in Rasmussen's conduct. It is ultimately for the jury to decide this question, Judge Darrow therefore correctly denied Kottke's motion for summary judgment, and consequently the motion to reconsider is DENIED.

C

Finally, Kottke's alternative motion for certification of a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED. "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of*

*Trustees of Univ. of Illinois*, 219 F.3d 674, 675–76 (7th Cir. 2000) (emphasis in original), *citing Richardson *676 Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir.2000).

Addressing the second factor first, the question as framed by Kottke is not contestable; punitive damages obviously cannot be imposed on a principal on the basis of *respondeat superior* where there is no evidence that that principle had actual knowledge of its agent's wrongful conduct and *there is no evidence to support* that any lack of knowledge on the part of the principal was the result of deliberate ignorance." (emphasis added). *See* Section IIB, *supra*. In this case, however, there *is* evidence which could support an inference that Kottke's ignorance was deliberate; that is precisely what Judge Darrow found in her order denying summary judgment and the undersigned confirms herein, *supra*.

As a consequence, Kottke's motion also fails on the first factor; the issue here is one of fact, not law. Kottke disagrees with the Court's conclusion that there is sufficient evidence in the record to allow a reasonable inference of deliberate ignorance or, stated colloquially, the "turning of a blind eye." That is a question of fact, not law. For the Court of Appeals to decide this question would require it to "hunt[] through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there." *Ahrenholz*, 219 F.3d at 677. Certification for an interlocutory appeal is not appropriate in such a scenario. *See generally id.*

Lastly, an interlocutory appeal will most decidedly not speed up this litigation. Discovery is complete. The trial in this matter is set for January of 2019. Deadlines are in place for the filing of motions *in limine* and the proposed pretrial order. The date for the final pretrial conference is set. An interlocutory appeal would halt everything in this case for who knows how long, pending briefing,

argument, and decision by the Court of Appeals. Thus, an interlocutory appeal would serve only to delay, not expedite, this case.

### III

For the reasons stated, *supra*, Kottke's motion for reconsideration and motion for certification for interlocutory appeal are DENIED.

*It is so ordered.*

Entered: August 30, 2018

s/Jonathan E. Hawley
U.S. Magistrate Judge